# WEST VIRGINIA STATE MEDICAL ASSOCIATION, Petitioner—Appellant,

v.

# COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

## No. 88–2984.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1989.

Decided Aug. 16, 1989.

George S. Bennett (John T. Kay, Jr., Kay, Casto & Chaney, Charleston, W.Va., on brief) for petitioner-appellant.

Kenneth L. Greene (James I. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, Robert S. Pomerance, Tax Div., Dept. of Justice, Washington, D.C., on brief) for respondent-appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

---

SPROUSE, Circuit Judge:

The West Virginia Medical Association appeals from a judgment of the United States Tax Court holding that it was liable for income tax in the amount of $1,336 for 1983. 91 T.C. No. 41 (1988). The tax court held that the Internal Revenue Service ("IRS") properly disallowed a claimed deduction for losses sustained by the Association's medical journal in the advertising fragment of its "unrelated" business activity. We affirm.

The Medical Association membership consists of physicians practicing in West Virginia, and the Association qualifies as a business league exempt from federal income taxation under Internal Revenue Code § 501(c)(6). As part of its exempt purpose, the Association publishes a monthly medical journal which is circulated to its members. The journal sells advertising space to providers of medical products and services to physicians, but it has not made a net profit on its advertising activities since 1962. Between 1974 and 1986 it incurred annual losses ranging from $18,874 to $63,786.

In addition to the journal's advertising income, the Association receives income from other activities that are not related to its exempt purposes, and this income is taxable as unrelated business taxable income. *See* I.R.C. §§ 501(b), 511–513. On its 1983 income tax return, the Association reported that it had received commissions amounting to $9,908 from endorsing and marketing the services of a company whose business is collecting delinquent accounts. In that same year the Association also suffered a $21,810 loss from the advertising activity of its journal. On the tax return, the Association offset this loss against the income received from the collection agency, thereby reporting no income from its two non-exempt activities. The IRS disallowed the deduction for loss and determined a tax deficiency of $1,336. The tax court upheld the IRS's action, ruling that the deduction for the advertising loss was correctly disallowed because the advertising fragment of the journal's activity was not a trade or business carried on for profit. The Association appeals, and we affirm.

■ The Association contends that it is entitled to deduct the losses from advertising, regardless of whether the activity was for profit, because I.R.C. § 513(c) creates a statutory rule that any advertising activity by an otherwise tax-exempt organization is a "trade or business," both for the purpose of imposing an income tax on its profits and for allowing a deduction and offsetting its losses against other income. Alternatively, it argues that, at most, in order to permit deductible losses, its advertising activity need only be carried on for the production of gross income. The IRS, however, contends that a tax-exempt organization's § 513(c) unrelated trade or business activity must also satisfy the requirements of § 162 if income from that activity is to qualify as "unrelated business taxable income" under I.R.C. § 512(c)(1). We agree with the IRS.

The Association is exempt from income tax under I.R.C. § 501(c)(6). I.R.C. §§ 501(b) and 511, however, impose an income tax on "unrelated business taxable income" generated by a "trade or business" carried on by tax-exempt organizations that is unrelated to their exempt purposes. "Unrelated business taxable income" is defined by section 512(a)(1) as "the gross income derived by any organization from any unrelated trade or business (as defined in section 513) regularly carried on by it, less the deductions allowed by this chapter which are directly connected with the carrying on of such trade or business...."

In our view, the plain language of section 512(a)(1) indicates not only an intent to tax income generated by an unrelated "trade or business" operated by an exempt organization but also limits deductions against such income to those *"which are directly connected with the carrying on of such trade or business."* (Emphasis supplied.) We agree with the tax court that the phrase "trade or business" in section 512(a)(1) has the same meaning as in section 162, which generally authorizes deductions for expenses incurred in "carrying

on any trade or business." *See North Ridge Country Club v. Commissioner,* 877 F.2d 750 (9th Cir.1989); *Brook, Inc. v. Commissioner,* 799 F.2d 833, 840–41 (2d Cir.1986); and *Cleveland Athletic Club, Inc. v. United States,* 779 F.2d 1160, 1165 (6th Cir.1985), which all reach the same conclusion.*

The determinative factor then is not whether advertising generally is a trade or business, *see* § 513(c) and *United States v. American College of Physicians,* 475 U.S. 834, 106 S.Ct. 1591, 89 L.Ed.2d 841 (1986), but whether the advertising business conducted by the Association's journal is the kind of trade or business in which losses are considered deductible under the "for profit" rationale of § 162, *i.e.,* that the activity for which a loss is incurred was entered into primarily for profit. *See Commissioner v. Groetzinger,* 480 U.S. 23, 35, 107 S.Ct. 980, 987–88, 94 L.Ed.2d 25 (1987) and *United States v. American Bar Endowment,* 477 U.S. 105, 110, n. 1, 106 S.Ct. 2426, 2429, n. 1, 91 L.Ed.2d 89 (1986).

The Association had incurred direct advertising costs resulting in substantial losses for twenty-one consecutive years, and has failed to explain why it consistently incurred losses that could have been avoided by simply discontinuing the advertising activity. The tax court correctly concluded that the Association's long-standing policy of voluntarily incurring losses evidenced a lack of profit objective underlying the loss-generating activity. The judgment of the tax court, therefore, is affirmed.

AFFIRMED.

---

* *Cleveland, Brook,* and *North Ridge* all involved the deductibility of losses by tax-exempt social clubs engaging in unrelated activities. Social clubs are given tax exempt status by section 501(c)(7), and taxable income received by those organizations is defined in § 512(a)(3) rather than in 512(a)(1). *Cleveland* held that the difference between the language of 512(a)(1) and 512(a)(3) required the allowance of deductions for unrelated business activities of social clubs. *Brook* and *North Ridge* reached a contrary result. The Second, Sixth and Ninth Circuits all agreed, however, that deductions incurred by losses from unrelated business activities by § 501(c)(6) organizations, such as the Association, are to be determined in the same manner as "trade or business" allowances under section 162.